CITY OF AMHERST, Appellant,

v.

DIETRICH et al., Appellees.

[Cite as *Amherst v. Dietrich* (1998), 129 Ohio App.3d 343.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 97CA006920.

Decided Aug. 12, 1998.

*Alan W. Anderson*, Amherst City Director of Law, for appellant.

*Thomas A. Muzilla* and *Thomas J. Smith*, for appellees.

BAIRD, Judge.

The Lorain County Court of Common Pleas ruled against the Law Director of the City of Amherst in an action he brought against members of Amherst's city council and other city officials. We affirm.

The parties stipulated to the facts which follow. The city of Amherst operates under the general statutory form of municipal government. Alan W. Anderson is Amherst's Law Director. Neither Anderson nor Assistant Law Director Steve List is bond counsel. When Amherst issues tax-exempt municipal obligations, outside lawyers must be retained as bond counsel. On October 7, 1996, Anderson issued a legal opinion, addressed to the city council of Amherst, in which he concluded that the city law director decides who will assist him in the preparation of bonds for the city, and furthermore that he had decided that the law firm of Calfee, Halter & Griswold would assist him. On July 7, 1997, Anderson sent a copy of the legal opinion just described to each member of the city council. On July 14, 1997, the city council adopted Ordinance No. 0–97–75.

The following day, the mayor signed the ordinance, which became effective immediately as emergency legislation. The city council sought to finance repairs to the city hall building. The ordinance provided for the issuance of $500,000 in notes in anticipation of the issuance of bonds, the designation of an original purchaser of the notes, and the retention of the law firm of Squire, Sanders & Dempsey to provide legal services relating to the authorization, sale, issuance, and delivery by the city of the notes. The ordinance provided that the firm would serve as an independent contractor, and would neither exercise administrative discretion nor execute a public trust.

On July 15, 1998, Anderson filed a complaint against various city officials: the members of the city council, the mayor, the treasurer, and the auditor.[1] Anderson sought a declaratory judgment holding the ordinance invalid and a permanent injunction against the defendants barring them from passing legislation "purporting to remove, contravene, or limit the statutory authority of the city director of law." Following a hearing, the trial court found the enactment to be valid. On appeal, one error has been assigned:

"The trial court erred when it ruled that city council may employ its own legal counsel instead of using the law director."

R.C. 731.47 provides that the legislative authority of a municipality "shall have the management and control of the finances and property of the municipal corporation, except as otherwise provided." The ordinance provision retaining outside legal counsel "to provide legal services relating to the authorization, sale, issuance, and delivery by the city of * * * notes" in anticipation of a bond issue would appear to fall squarely within the meaning of "management and control" of municipal finances.[2] The question becomes whether the Revised Code has

---

1. Anderson brought the action in the name of the city of Amherst.

2. See, *e.g.*, *Lucas v. Lucas Local School Dist.* (1982), 2 Ohio St.3d 13, 15–16, 2 OBR 501, 502– 504, 442 N.E.2d 449, 451–452, in which the court stated that because R.C. 3313.47 vests the

"otherwise provided" for the management and control of municipal finances by the city law director.

R.C. 733.51 sets forth the powers and duties of the city law director:

"The city director of law shall prepare all contracts, bonds, and other instruments in writing in which the city is concerned, and shall serve the several directors and officers provided in Title VII of the Revised Code as legal counsel and attorney.

"The director of law shall be prosecuting attorney of the mayor's court. When the legislative authority of the city allows assistants to the director of law, he may designate the assistants to act as prosecuting attorneys of the mayor's court. The person designated shall be subject to the approval of the legislative authority."

The parties stipulated that neither Anderson nor his assistant is capable of preparing the bond issue sought by the city. R.C. 733.51 does not empower the law director to select and retain outside legal counsel. Thus, R.C. 733.51 has not "otherwise provided" for the management and control of municipal finances with respect to the selection and retention of outside legal counsel to provide services relating to the issuance of notes and bonds. The assignment of error is overruled.

*Judgment affirmed.*

SLABY, P.J., and CACIOPPO, J., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.

---

"management and control" of schools in the boards of education, it would presume for the purposes of the decision that the board of education acted within its legislatively granted authority when it resolved to contract with an electric service provider.